UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHERYL ALLING | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| BONDED CREDIT BUREAU, INC. d/b/a DRS BONDED | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |

COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Cheryl Alling, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Cheryl Alling, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in the District.

### III. PARTIES

4. Plaintiff, Cheryl Alling, is an adult natural person residing at 22 Sherwood Avenue, Derby, Connecticut 06418. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Bonded Credit Bureau, Inc. d/b/a DRS Bonded ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of Connecticut and New Jersey with its principal place of business located at 7745 East Kemper Road, Cincinnati OH 45249 and a registered office located at 820 Bear Tavern Road, Trenton, New Jersey.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. During the month of December, 2009, Plaintiff started to receive calls from Defendant's agent, "Bailey", in regards to a debt allegedly owed to Washington Mutual for approximately $3,000.00.

8. Plaintiff informed Defendant's agent, "Bailey", that she was being represented by the law firm of Persels & Associates, LLC to help aid her in her debt settlement and that they should call them directly in regards to this matter.

9. Defendant's agent, "Bailey", told the Plaintiff that they would not work with Persels.

10. Plaintiff continued to receive calls from the Defendant who continually refused to work with Persels.

11. In or around April, 2010, Plaintiff received a call to her place of employment from Defendant's agent, "Bailey". Plaintiff informed the agent that she could not take these kinds of calls in work.

12. Plaintiff works in a medical center and all calls are recorded for quality assurance.

13. On that same day, Plaintiff called Defendant's agent, "Bailey", back on her personal cell phone.

14. Defendant's agent, "Bailey", scolded the Plaintiff and told her that if she did not make a payment on this account that they would put a lien against her home.

15. During that same call, Plaintiff was told by Defendant's agent, "Bailey", that they had already confirmed her employment and that they would garnish her wages

16. Plaintiff was not aware of Defendant speaking to anyone in her office.

17. Plaintiff was told that this account was set to go to litigation.

18. Defendant's agent, "Bailey", was again asked to call and speak with Persels on this matter.

19. Defendant's agent, "Bailey", said I already told you that we were not going to work with Persels.

20. Plaintiff was also told that defendant would freeze her bank accounts.

21. Plaintiff ended the call with Defendant and called Persels.

22. Persels encouraged the Plaintiff to call Defendant back and again try and give them their direct number.

23. Plaintiff called Defendant back and attempted to engage them in a three-way call with Persels.

24. Defendant's agent, "Bailey", again refused to work with Persels and refused to speak with any Persels representative.

25. Defendant's agent, "Bailey", told the Plaintiff that she had given her no choice but to proceed with this matter and ended the call.

26. Plaintiff continued to receive collection calls from Defendant.

27. During the month of June, 2010, Plaintiff received a call from Defendant's agent, "Bailey", that stated we have given you fair warning and we want to know why you haven't called us back.

28. On or about June 21, 2010, Persels faxed a "cease and desist" letter to the Defendant informing them to stop all further direct contact with the Plaintiff. **See Exhibit "A" (fax) attached hereto.**

29. Defendant called back to the next day.

30. On or about June 22, 2010, Persels sent a second (2nd) "cease and desist" letter. **See Exhibit "B" (fax) attached hereto.**

31. Plaintiff is still receiving calls from Defendant and their agents on this matter.

32. Plaintiff has been threatened with judgment several times, but to date has never received anything.

33. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

34. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

35. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

36. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

37. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

38. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

39. The above paragraphs are hereby incorporated herein by reference.

40. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

41. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt |

| | |
|---|---|
| §§ 1692e(4) | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure garnishment or attachment |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Bonded Credit Bureau, Inc. d/b/a DRS Bonded, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: August 18, 2010     BY: __/s/ Bruce K. Warren__
                            Bruce K. Warren, Esquire

                          BY: __/s/ Brent F. Vullings__
                            Brent F. Vullings, Esquire


Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff